## No. 2321.

### CHILIS BANKS *v.* THE STATE.

1. MURDER—INDICTMENT is sufficient to charge a murder by express malice aforethought, and, therefore, murder of the first degree, if it charges that the accused "did, with malice aforethought, kill the deceased [naming him] by shooting him with a pistol."

2. PRACTICE IN THE COURT OF APPEALS—STATEMENT OF FACTS—BILL OF EXCEPTIONS.—In the absence of a statement of facts and bills of exception, this court is called upon to review the record on appeal only with reference to the sufficiency of the indictment and the correctness of the charge of the court.

APPEAL from the District Court of Chambers. Tried below before the Hon. E. Hobby.

The death penalty was assessed against the appellant in this case for the murder of Martha Henderson. The transcript brings up neither a statement of the facts proved on the trial, nor bills of exception reserved during the proceedings.

*William Chambers*, for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE.    For the murder of Martha Henderson, the appellant, Chilis Banks, was tried and convicted of murder of the first degree, with the death penalty awarded against him.

In arrest of the judgment, the following motion was presented and overruled: "That the indictment is fatally defective in this, that it does not charge that defendant killed and murdered Martha Henderson." The indictment alleges that defendant "did with malice aforethought kill Martha Henderson by shooting her with a pistol." It is the settled doctrine of this court that to allege that the killing was with "malice aforethought," is equivalent to alleging that the homicide was committed with express "malice aforethought."

This being the case, this indictment in legal effect charges that defendant did, with express malice aforethought, kill Martha Henderson by shooting her with a pistol. The question raised and insisted upon by the appellant is, that it must be alleged that the accused did "murder" the deceased. We hold it sufficient in this respect if the acts, elements and intentions which compose the offense are set forth in plain and intelligible language. Hence, conclusions from the acts and intentions need not be alleged. Applying this rule to the indictment under discussion, it will be found amply sufficient. Why? Because it is impossible for a person to shoot and kill, with his express malice, a human being, and not be guilty of murder of the first degree. (Willson's Crim. Forms, 388, and notes.)

The record contains neither a statement of the facts nor a bill of exceptions; nor have we the aid of a brief for the appellant. Then there is nothing to be revised by this court except the sufficiency of the indictment and the charge of the court. The indictment is good, and, in the absence of a statement of facts, we find no error in the charge requiring the reversal of the judgment.

The judgment is affirmed.

*Affirmed.*